22-240-cv (L)
*Omni Elevator Corp. v. Int'l Union of Elevator Constructors*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by federal rule of appellate procedure 32.1 and this court's local rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-three.

PRESENT:

>JOSÉ A. CABRANES,
>DENNY CHIN,
>MARIA ARAÚJO KAHN,
>>*Circuit Judges.*

———————————————————————

OMNI ELEVATOR CORPORATION and CHRISTIAN GOETTING,

>*Plaintiffs-Appellants*,

JOHN M. REGAN, JR., and REGAN & MCLAUD, P.C.,

>*Appellants*,

v.                                                              22-240-cv (L),
                                                                22-806-cv (Con)

INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS, INTERNATIONAL UNION

OF ELEVATOR CONSTRUCTORS LOCAL 27, ALAN ROTHFUSS, CRANE-HOGAN STRUCTURAL SYSTEMS, INC., TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN,

*Defendants-Appellees,*

DELAWARE ELEVATOR, INC.,

*Defendant.*

---

TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY,

*Plaintiff-Appellee,*

v.                                                              22-799-cv (Con)

THE ELEVATOR GUILD, INC., and CHRISTIAN GOETTING,

*Defendants-Appellants.*

---

FOR APPELLANTS:          JOHN M. REGAN, JR., Regan & McLaud, P.C., Rochester, NY.

FOR APPELLEES:          ANDREW COSTA-KELSER, O'Donoghue & O'Donoghue LLP, Philadelphia, PA (Jennifer A. Clark, Blitman & King LLP, Syracuse, NY, *on the brief*).

2

Appeals from the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of the District Court are **AFFIRMED**.

Plaintiffs-Appellants, Omni Elevator Corp., The Elevator Guild, and Christian Goetting,[1] who are generally engaged in the business of repairing, maintaining, and installing elevators in the State of New York, had two judgments rendered against them in the United States District Court for the Eastern District of Pennsylvania ("E.D.Pa.") related to unpaid pension contributions owed under the terms of a collective bargaining agreement ("the E.D.Pa. judgments"), and one judgment rendered against them in New York state court related to a contractual dispute with a general contractor ("the New York judgment"). This consolidated appeal arises from two proceedings in the Western District of New York ("W.D.N.Y.") in which Appellants have sought to avoid liability on those three underlying judgments.

For the reasons that follow, we conclude that Appellants' claims are without merit and, accordingly, affirm the judgment and orders of the District Court. Although we assume the parties' familiarity with the case, given the complexity of the procedural history—namely, the three underlying actions against Appellants and the two federal

---

[1]Omni Elevator Corp. is the undisputed corporate successor to The Elevator Guild. Both entities are owned and operated by Goetting. For the sake of simplicity, we refer to these parties, collectively, as Appellants.

3

proceedings now consolidated on appeal—we pause to set forth the following facts and procedural history in order to provide the necessary context.

## I.   UNDERLYING ACTIONS AGAINST THE APPELLANTS

### 1.   The E.D.Pa. Judgments (*"Elevator Guild I & II"*).

The first two judgments against Appellants resulted from actions brought by the Appellee Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan ("Trustees") in the E.D.Pa.  In each of those two actions, the Trustees alleged that Appellants had failed to make certain pension contributions required under the terms of a collective bargaining agreement.  In both actions, appellants failed to appeal in the proceedings or ceased participating in the litigation and, therefore, were defaulted.  In the first action, the District Court for the Eastern District of Pennsylvania rendered a default judgment of $25,653.96 in favor of the Trustees, which they registered in W.D.N.Y. pursuant to 28 U.S.C. § 1963.[2]  In the second action, the District Court for the Eastern District of Pennsylvania ultimately rendered judgment for $184,538.45 in favor of

---

[2]*See Trustees of the Nat'l Elevator Industry Pension, Health, Benefit, Educational, Elevator Industry Work Preservation Funds, Elevator Constructors Annuity and 401(k) Retirement Plan v. The Elevator Guild, Inc.*, Docket No. 2:09-cv-4578 (E.D. Pa. Apr. 10, 2010) ("*Elevator Guild I*").

4

the Trustees on May 30, 2014, which they also registered in W.D.N.Y. pursuant to 28 U.S.C. § 1963.[3]

### 2. Crane-Hogan's New York Judgment

In 2014, Appellee Crane-Hogan Systems, Inc., ("Crane-Hogan") a general contractor, hired Appellants for a construction project related to the renovation of parking garages in the city of Rochester, New York. In 2016, Crane-Hogan brought a breach of contract action against Appellants in New York state court. In order to settle that case, Appellants stipulated to the entry of a judgment against them in the amount of $386,300. That judgment was later filed in New York state court on June 8, 2017, in accordance with the parties' stipulation.

## II. APPELLANTS' ACTIONS AGAINST APPELLEES - CONSOLIDATED APPEALS

### 1. Appellants' Equitable Indemnification Action

On September 19, 2019, Appellants commenced their own civil action in New York state court seeking equitable indemnification on each of these three underlying judgments—the E.D.Pa. judgments in *Elevator Guild I & II* and the New York judgment obtained by Crane-Hogan—against Alan Rothfuss, International Union of Elevator Constructors Local 27, and International Union of Elevator Constructors (collectively,

---

[3]*See Trustees of Nat. Elevator Indus. Pension, Health Ben., Educ., Elevator Indus. Work Pres. Funds v. Elevator Guild, LLC*, Docket No. CIV.A. 11-2870, 2013 WL 271888, at *1 (E.D. Pa. Jan. 23, 2013) ("*Elevator Guild II*").

"the Union Appellees"). Specifically, Appellants alleged that the Union Appellees were responsible for a series of "grossly defamatory communications to [Appellants'] customers, contractors and associates" that were allegedly undertaken for the purpose of "engineer[ing]" the underlying litigation against Appellants and resulting judgments. J. App'x at 50.

Union Appellees and Trustees, with Crane-Hogan's consent, filed a timely motion to remove Appellants' civil action to the W.D.N.Y., pursuant to 28 U.S.C. § 1441(a),[4] arguing that the state complaint—although ostensibly sounding in state law—was "necessarily federal in character" in that: (1) it complained of alleged secondary boycotting activities prohibited by § 303 of the Labor-Management Relations Act ("LMRA"); 29 U.S.C. § 187;[5] and (2) it was predicated on an interpretation of a collective

[4]28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[5]Section 303 of the LMRA, 29 U.S.C. § 187, makes it unlawful for a labor organization to engage in conduct defined as an "unfair labor practice" in § 8(b)(4) of the National Labor Relations Act, which—in turn—provides that: "It shall be an unfair labor practice for a labor organization or its agents . . . (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is . . . (B) forcing or requiring any person . . . to cease doing business with any other person." Such conduct is known more commonly as "secondary picketing" or "secondary boycott activity." *See, e.g., N.L.R.B. v. Retail Store Emp. Union, Local 1001*, 447 U.S. 607, 612 (1980).

6

bargaining agreement governed exclusively by § 301 of the LMRA; 29 U.S.C. § 185.[6] Appellants, in turn, sought remand to state court, arguing that removal was improper because any question of federal law related to the E.D.Pa. judgments had already been settled. All Appellees filed motions to dismiss. In addition, Union Appellees and Trustees also filed a motion for sanctions against Appellants' counsel, arguing that the action was frivolous and commenced solely to delay enforcement.

The District Court, Siragusa, *J.*, denied Appellants' motion to remand in an order dated August 26, 2021. The District Court held that claims for equitable indemnification asserted by Appellants with respect to the E.D.Pa. judgments required interpretation of a collective bargaining agreement and, therefore, were subject to complete preemption under § 301 of the LMRA. The District Court also reasoned that, to the extent Appellants' state complaint implicitly asserted a state law tort claim relating to Crane-Hogan's New York judgment, such a claim was necessarily premised on secondary boycott activity prohibited by § 303 of the LMRA. Finally, the District Court concluded that, to the extent that the complaint asserted a cause of action that was outside of the court's original jurisdiction, such claims would inevitably fall within the supplemental jurisdiction afforded by 28 U.S.C. § 1367(a).

---

[6] 29 U.S.C. § 185(a) provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

7

Following its denial of Appellants' motion for remand, the District Court converted Appellees' motions to dismiss into motions for summary judgment and ordered additional briefing.[7] Subsequently, on January 3, 2022, the District Court granted summary judgment in favor of Appellees on those converted motions, holding that all of Appellants' claims: (1) were not exhausted under the relevant provisions of the collective bargaining agreement, (2) were untimely under the applicable statute of limitations, (3) failed to adequately allege causation or agency, or (4) were barred by immunity provisions of the LMRA. On March 15, 2022, the District Court imposed $5,000 in sanctions against Appellants' counsel. Appellants timely appealed from the District Court's judgment and order of sanctions to this court.

### 2. Appellants' Motion to Vacate W.D.N.Y Registration of E.D.Pa. Judgment

On March 10, 2022—shortly after the District Court's award of summary judgment in its equitable indemnification action, and almost eight years after the completion of the E.D.Pa. proceedings—Appellants also moved to vacate the July 31, 2014, registration of the $184,538.45 judgment from *Elevator Guild II* in the Western District of New York.[8] On March 16, 2022, the District Court, Siragusa, *J.*, denied Appellants' motion to vacate

---

[7]Although Appellants eventually did submit briefing to the District Court, that document merely continued to argue that removal of the action had been improper, declining to address questions raised in the converted motions for summary judgment.

[8]Appellants filed neither a motion to vacate, nor a notice of intent to appeal in the registration proceeding relating to the $25,653.96 judgment resulting from *Elevator Guild I.*

concluding, *inter alia*, that it was meritless and untimely. Appellants, again, timely appealed to this court.

## III. DISCUSSION OF CLAIMS ON APPEAL

In this consolidated appeal, Appellants now seek review of: (1) the District Court's decisions and orders related to their civil action for equitable indemnification, and (2) the District Court's denial of their motion to vacate registration of the E.D.Pa. judgment from *Elevator Guild II* in W.D.N.Y. We address Appellants' various claims of error related to those two distinct proceedings, in turn.

### 1. Claims Related to Appellants' Equitable Indemnification Action

With respect to their civil action seeking equitable indemnification, Appellants claim that the District Court: (1) improperly denied their motion to remand the action to state court, (2) incorrectly granted Appellees' converted motions for summary judgment, and (3) abused its discretion by imposing post-judgment sanctions pursuant to FED. R. CIV. P. 11. We find these claims to be unpersuasive.

The District Court declined to remand the case because it concluded that resolution of any claim for equitable indemnification against union officials on the E.D.Pa. judgments—which related exclusively to unpaid pension contributions—would necessarily require interpretation of a collective bargaining agreement. Because any such claim would present a question of federal law governed by § 301 of the LMRA, removal

of the action was necessarily supported under 28 U.S.C. § 1441(a).[9]  Appellants do not

challenge the District Court's conclusion.  Instead, Appellants contend that removability

of their equitable claims relating to the E.D.Pa. judgments is simply irrelevant because

now—for the first time on appeal—they have chosen to abandon those particular claims

and seek to pursue equitable relief only as to the judgment obtained by Crane-Hogan.

Such a belated abandonment by the Appellants does not, however, provide us with any

reason to believe that the District Court was incorrect to conclude that the equitable

claims relating to the E.D.Pa. judgments were properly removed to federal court in the

first instance.[10]

Because the entirety of Appellants' single-count complaint is rooted in the same

factual allegations of misconduct against the Union Appellees, an exercise of

supplemental jurisdiction over Appellants' remaining claims was likewise warranted.[11]

---

[9]Indeed, Appellants concede on appeal "that LMRA § 301 will govern when a court is required to interpret a collective bargaining agreement in order to resolve the dispute between the parties" and that "the law is clear that LMRA § 301 entails 'complete' preemption and supports removal."

[10]Appellants also claim that the District Court should have never considered the applicability of LMRA § 301 because registration of the underlying E.D.Pa. judgments pursuant to 28 U.S.C. § 1963 was improper.  Because we reject that same contention in considering the District Court's denial of Appellants' motion to vacate, this claim necessarily fails.

[11]*See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (holding that § 1367(a) "applies with equal force to cases removed to federal court as to

As a result, we hold that the District Court's denial of Appellants' motion to remand their equitable indemnification action to state court was appropriate.

Appellants' remaining challenges to the District Court's orders on their equitable indemnification action warrant little discussion. Although Appellants filed a notice of intent to appeal following the District Court's grant of Appellees' motion for summary judgment, their briefing contains no independent claims of error directed at that decision. Likewise, with respect to the imposition of sanctions, Appellants' brief includes only a single, conclusory sentence arguing that the District Court's award was "unwarranted" because of other errors claimed on appeal. This argument necessarily fails on appeal because it derives entirely from other claims that we reject. As a result, we hold that the District Court's grant of Appellees' converted motion for summary judgment was proper, and its award of sanctions did not constitute an abuse of the District Court's discretion.

### 2. Claims Related to Appellants' Motion to Vacate

Appellants' final claim is that the District Court improperly denied their motion to vacate the registration of the $184,538.45 E.D.Pa. judgment resulting from *Elevator Guild II* in W.D.N.Y. As previously noted, the District Court denied that particular motion as both lacking in merit and untimely. There is no error in either conclusion.

---

cases initially filed there; a removed case is necessarily one 'of which the district courts . . . have original jurisdiction.'").

11

Registration of federal judgments in federal courts is expressly authorized by 28 U.S.C. § 1963. *See Covington Indus., Inc. v. Resintex A. G.*, 629 F.2d 730, 732 n.2 (2d Cir. 1980). The underlying judgment in *Covington* was—like the judgments registered against Appellants by the Trustees—rendered on default by a federal court of coordinate authority. *Id.* at 733. Examples of such proceedings are commonplace.[12] Contrary to Appellants' claim, the registration of the E.D.Pa. judgments in the federal court of another state—in this case, New York—pursuant to 28 U.S.C. § 1963 did not prevent them from challenging any defects in personal jurisdiction of the court where those judgments were originally obtained. *Id.* at 732–33.

Finally, we note that Appellants have provided us with no reason to believe that the District Court abused its discretion in concluding that their motion to vacate was untimely. *See Daily Mirror, Inc. v. New York News, Inc.*, 533 F.2d 53, 56 (2d Cir. 1976), cert. denied, 429 U.S. 862 (1976) ("the denial of a motion to vacate will be reversed only upon a clear showing of an abuse of discretion"). It is undisputed that the Trustees registered the $184,538.45 E.D.Pa. judgment in W.D.N.Y on July 31, 2014. Appellants' motion to vacate that registration was not filed until March 10, 2022, almost eight years later.

---

[12]*See, e.g.*, *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 121 (2d Cir. 2007), cert. denied sub nom. *PT Pertamina (Persero) v. Karaha Bodas Co., L.L.C.*, 554 U.S. 929 (2008); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 730 (2d Cir. 1998).

For the foregoing reasons, we hold that the District Court did not err in denying Appellants' motion to vacate the registration of the E.D.Pa. judgment in *Elevator Guild II*.

\* \* \*

We have considered Appellants remaining arguments and consider them to be without merit. Accordingly, we **AFFIRM** the judgment and orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
